DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LINA PENG (NYBN 5150032)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7224
     FAX: (415) 436-7027
     Lina.Peng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 19-CR-00068 RS |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER |
| | ) | DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | ) | |
| | ) | |
| SHAYNE GREGORY MAUPIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 7, 2019, an Indictment was filed in the Northern District of California charging

Defendant Shayne Gregory Maupin, with two counts of violating Title 18, United States Code, Section

922(g)(1) – Felon in Possession of a Firearm and/or Ammunition.  Defendant made his initial

appearance and was arraigned on his Indictment in the Northern District of California on March 4, 2019,

and the Court held a detention hearing on March 7, 2019.

At the detention hearing, Defendant was present and represented by Assistant Federal Public

Defender Jodi Linker.  A United States Pretrial Services Agency Officer was also present at the hearing.

Pretrial Services submitted a report that recommended detention on grounds of both Defendant's risk of

flight and danger to the community.  The Government moved for detention, and Defendant opposed.

The parties submitted proffers and arguments.

Upon consideration of the court file and the party proffers at the detention hearing, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure Defendant's appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance as required or the safety of the community, including because of: (1) the nature and circumstances of the offense, including that Defendant is charged with unlawfully possessing an assault rifle with a high capacity magazine and 104 rounds of ammunition; (2) Defendant's criminal history; (3) Defendant's prior record on probation; and (4) the lack of suitable sureties.

\\

\\

\\

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1)     Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3)     on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

March __11__, 2019

_____
HON. JOSEPH C. SPERO
United States Magistrate Judge